IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


CAMERON WILLIAMS,
    Petitioner,

vs.                                      Case No.: 5:11cv356/MMP/EMT

MICHAEL D. CREWS,
    Respondent.
                                   /

## **REPORT AND RECOMMENDATION**

This cause is before the court on Petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (doc. 1). Respondent filed an answer and relevant portions of the state court record (doc. 29). Petitioner filed a reply (doc. 32).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to relief.

I.    BACKGROUND AND PROCEDURAL HISTORY

The relevant aspects of the procedural background of this case are established by the state court record (*see* doc. 29).[1] Petitioner was charged in the Circuit Court in and for Bay County, Florida, Case No. 2007-CF-1540, with one count of escape (Count I), one count of possession of a

---

[1] Hereinafter all citations to the state court record refer to the exhibits submitted with Respondent's answer (doc. 29). If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

controlled substance (Count II), one count of possession of drug paraphernalia (Count III), one count of giving a false name to a law enforcement officer (Count IV), and one count of obstructing an officer without violence (Count V) (Ex. A at 7–8). Petitioner entered a written plea agreement, pursuant to which he agreed to plead nolo contendere to Counts I, III, IV, and V, that he would be adjudicated guilty of those Counts, and that he would be sentenced to a total term of five (5) years of probation (*id.* at 10–11). The parties additionally agreed to dismissal of Count II (*id.*). The trial court accepted the plea and sentenced Petitioner, on June 7, 2007, to time served on Counts III, IV, and V, and five (5) years of probation on Count I (Ex. A at 17–22, Ex. B). Two weeks later, on June 22, 2007, a probation violation warrant issued (Ex. A at 23–24). On September 5, 2007, Petitioner entered a written plea agreement, pursuant to which he agreed to plead nolo contendere to the violation of probation ("VOP") in Case No. 2007-CF-1540, and nolo contendere to misdemeanor new law violations in Case No. 2007-CF-2274 (*id.* at 32–33). The parties agreed he would be sentenced to time served on the misdemeanor counts and ninety (90) days of community control followed by the balance of his original term of probation in Case No. 2007-CF-1540 (*id.*). The court accepted the plea and sentenced Petitioner in accordance with the plea agreement (Ex. A at 35–37, Ex. C). On October 27, 2007, another VOP warrant issued (Ex. A at 43–44, 49–50, 52–53). Following an evidentiary hearing, Petitioner was adjudicated guilty of violating his community control and sentenced to twelve (12) years in prison, with presentence jail credit of 201 days (Ex. A at 62–66, Ex. D).

Petitioner, through counsel, appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D08-673 (Ex. A at 69, Ex. E). Petitioner's counsel filed a brief, pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), asserting that there were no meritorious arguments to support the contention that reversible error occurred in the trial court (Ex. E). Petitioner did not file a pro se initial brief. The First DCA affirmed the judgment per curiam without written opinion on February 19, 2009, with the mandate issuing March 17, 2009 (Ex. F). <u>Williams v. State</u>, 5 So. 3d 675 (Fla. 1st DCA 2009) (Table). Petitioner did not seek further review.

On July 9, 2009, Petitioner filed a motion for postconviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. G at 97–114). Petitioner subsequently filed a motion

to voluntarily dismiss (*id.* at 116–18). The court granted the motion and dismissed the Rule 3.850 motion on September 22, 2009 (*id.* at 119–20).

On April 22, 2010, Petitioner filed another Rule 3.850 motion, raising one claim of ineffective assistance of counsel (Ex. G at 121–26). The state circuit court set the motion for an evidentiary hearing (*id.* at 133). Petitioner filed a motion for appointment of counsel, which the state circuit court denied (*id.* at 135–39). Following the evidentiary hearing, the circuit court denied the Rule 3.850 motion (Ex. G at 142, Exs. H, I). Petitioner appealed the decision to the First DCA, Case No. 1D10-6515, arguing the circuit court abused its discretion by denying his request for appointment of counsel (Ex. G at 143, Ex. J). The First DCA affirmed the judgment per curiam without written opinion on August 24, 2011, with the mandate issuing October 25, 2011 (Ex. K). Williams v. State, 71 So. 3d 121 (Fla. 1st DCA 2011) (Table).

Petitioner filed the instant federal habeas action on November 2, 2011 (doc. 1). Respondent concedes the petition is timely (doc. 29 at 12).

II.  STANDARD OF REVIEW

Section 2254(a) of Title 28 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" upon a showing that his custody is in violation of the Constitution or laws of the United States.

III. EXHAUSTION AND PROCEDURAL DEFAULT

It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1),[2] thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."

---

[2] Section 2254 provides, in pertinent part:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
    (A) the applicant has exhausted the remedies available in the courts of the State; or
    (B) (i) there is an absence of available State corrective process; or
       (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 888, 130 L. Ed. 2d 865 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim. Duncan, 513 U.S. at 365–66; O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); Picard, 404 U.S. at 277–78.

An issue that was not properly presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, that is, procedurally barred from federal review. *See* O'Sullivan, 526 U.S. at 839–40, 848; Bailey v. Nagle, 172 F.3d 1299, 1302–03 (11th Cir. 1999). The federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine. Bailey, 172 F.3d at 1303.

To overcome a procedural default such that the federal habeas court may consider the merits of a claim, the petitioner must show cause for the default and prejudice resulting therefrom or a fundamental miscarriage of justice. *See* Tower v. Phillips, 7 F.3d 206, 210 (11th Cir. 1993); Parker v. Dugger, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112 L. Ed. 2d 812 (1991). "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." McCleskey v. Zant, 499 U.S. 467, 497, 111 S. Ct. 1454, 1472, 113 L. Ed. 2d 517 (1991) (quoting Murray v. Carrier, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L. Ed. 2d 397 (1986)). To satisfy the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." Schlup, 513 U.S. at 327. Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.

*Id.*

Within this framework, the court will review Petitioner's claim.

Case No.: 5:11cv356/MMP/EMT

IV. PETITIONER'S CLAIM

> <u>Ground One</u>: "Petitioner has been denied U.S. Constitutional right to due process and equal protection guaranteed him under the 5th, 6th, 8th, and 14th Amendments when the state court denied appointment of counsel."

Petitioner contends the state courts violated his constitutional rights to due process and equal protection by denying his requests for appointment of counsel during the Rule 3.850 proceedings, including the evidentiary hearing (doc. 1 at 4, 7– 10).³ Petitioner asserts he was unable to effectively present his claim to the postconviction court without legal representation (*id.*). He further contends other similarly situated prisoners were appointed counsel in postconviction proceedings (*id.*).

Respondent contends Petitioner's claim is not cognizable on federal habeas review, because there is no constitutional right to counsel in postconviction proceedings (doc. 29 at 13–15). Therefore, Petitioner cannot show "he is in custody in violation of the Constitution or laws or treaties of the United States," *see* 28 U.S.C. § 254(a) (*id.*). Respondent further contends Petitioner raised his claim as purely a matter of state law in the state courts, and failed to fairly present the federal nature of his claim (*id.* at 12–13). Therefore, his claim is unexhausted (*id.*).

In Petitioner's reply, he contends his citation to <u>Rogers v. State</u>, 702 So. 2d 607 (Fla. 1st DCA 1997), <u>Graham v. State</u>, 372 So. 2d 1363, 1365 (Fla. 1979), and <u>Williams v. State</u>, 472 So. 2d 738 (Fla. 1985) in his postconviction appellate brief sufficiently alerted the state court to the federal nature of his claim (doc. 32 at 1–2). He argues that those cases established that appointment of counsel in a postconviction proceeding is proper if: (1) there is an adverse nature to the proceedings; (2) it is complex; (3) it requires an evidentiary hearing; or (4) there is a need for substantial legal research (*id.* at 2–3). Petitioner contends he satisfied these prerequisites for appointment of counsel because: (1) his allegations presented a colorable meritorious claim of a complex nature; (2) he was semi-illiterate and unsophisticated in the law and court procedures; (3) he had to rely upon a "prison law clerk" to draft his postconviction motion; and (4) any doubt as to appointment of counsel should be resolved in his favor (*id.* at 3). He argues it was evident during the postconviction evidentiary hearing that he

---

³ The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system.

Case No.: 5:11cv356/MMP/EMT

was unable to effectively represent himself (*id.* at 4–6). Therefore, he was entitled to appointment of counsel, and the state court's failure to do so denied him due process (*id.* at 6).

In Petitioner's initial brief on appeal of the state circuit court's denial of his Rule 3.850 motion, Petitioner argued the circuit court abused its discretion by denying appointment of counsel (Ex. J at 9). In support of his argument, he cited Rogers, Graham, and Williams, *supra* (*id.* at 10–12). In all of those cases, the Florida courts acknowledged there was no absolute right to counsel in postconviction proceedings. Those courts held that whether to appoint counsel in a collateral criminal proceeding was addressed to the sound discretion of the trial court; however, the court must base its decision upon consideration of the factors set out in Graham, that is, whether the proceeding is adversarial in nature, whether the proceeding is complex, whether the proceeding will include an evidentiary hearing, and whether the proceeding will require substantial legal research. Rogers, 702 So. 2d at 608 (citing Graham, 372 So. 2d at 1365–66); Williams, 472 So. 2d at 740 (citing Graham). In all three cases, the Florida courts held that the trial court abused its discretion by denying the prisoner's request for appointment of counsel.

Petitioner did not label his claim "federal" in his initial brief, nor did he cite a federal source of law in conjunction with his claim or a case deciding such a claim on federal grounds. The cases he relied upon, Rogers, Graham, and Williams, expressly stated there was no federal basis for a claim of error in denying appointment of counsel in postconviction proceedings; and those courts decided the claim of error on state law principles. Therefore, the undersigned concludes Petitioner failed to exhaust his federal claim in the state courts. *See* Baldwin v. Reese, 541 U.S. 27, 32, 124 S. Ct. 1347, 1351, 158 L. Ed. 2d 64 (2004). Further, the issue is procedurally defaulted, because a second appeal of the denial of a Rule 3.850 motion is not available under Florida procedural rules. Moreover, Petitioner has not shown cause for the default,[4] nor has he shown he is entitled to review of his claim through the "actual innocence" portal. Therefore, he is not entitled to federal review of his claim.

---

[4] As discussed *infra* in note 5, the Supreme Court held that in a federal habeas proceeding, ineffective assistance of counsel in an initial-review collateral proceeding may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial. *See* Martinez v. Ryan, — U.S. —, 132 S. Ct. 1309, 1315, 182 L. Ed. 2d 272 (2012). However, in the instant case, the procedural default occurred in the appeal of an initial-review collateral proceeding. The holding of Martinez has not been extended to such appeal proceedings.

Case No.: 5:11cv356/MMP/EMT

Notwithstanding Petitioner's failure to exhaust, his claim is without merit. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). There is no constitutional right to counsel in state post-conviction proceedings. *See* Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S. Ct. 1990 (1987).[5] Therefore, Petitioner failed to show he is in custody in violation of the Constitution or laws of the United States. Accordingly, he is not entitled to federal habeas relief. *See* 28 U.S.C. § 2254(a).

V. CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That the petition for writ of habeas corpus (doc. 1) be **DENIED**.

---

[5] In Coleman v. Thompson, 501 U.S. 722, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991), the Supreme Court held that because there is no constitutional right to appointment of counsel on collateral review, an attorney's errors in a postconviction collateral proceeding do not constitute cause to excuse a procedural default. 501 U.S. at 753–54. The Court subsequently created a narrow exception to this rule in Martinez v. Ryan, — U.S. —, 132 S. Ct. 1309, 1315, 182 L. Ed. 2d 272 (2012), where the court held that in a federal habeas proceeding, ineffective assistance of counsel in an initial-review collateral proceeding may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial. Martinez, 132 S.Ct. at 1315. The Court declined to hold, however, that there is a constitutional right to counsel in initial collateral review proceedings. *Id.*

Case No.: 5:11cv356/MMP/EMT

2.	That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 25<u>th</u> day of February 2013.



>	/s/ *Elizabeth M. Timothy*
>	**ELIZABETH M.  TIMOTHY**
>	**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**